Michael Phillip TELEMAQUE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 11–397C.

United States Court of Federal Claims.

July 20, 2011.

Michael P. Telemaque, Oakdale, LA, pro se.

Joseph A. Pixley, United States Department of Justice, Washington, DC, for defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

SWEENEY, Judge.

On June 29, 2011, the court issued an unpublished Opinion and Order dismissing the above-captioned case for lack of jurisdiction and directing plaintiff to pay the filing fee in full. On July 11, 2011, plaintiff moved the court to reconsider its order directing him to pay the filing fee.

In its Opinion and Order, the court granted plaintiff's motion to proceed *in forma pauperis* and allowed plaintiff to file his complaint without tendering the filing fee. It noted, however, that federal law prohibits the court from waiving a prisoner's eventual payment of the filing fee. *See* 28 U.S.C. § 1915(b)(1) (2006) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee." (emphasis added)). Plaintiff, who is currently in the custody of United States Immigration and Customs Enforcement awaiting deportation after serving a sentence in federal prison arising from his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, is considered to be a prisoner.

---

*See id.* § 1915(h) (defining "prisoner" as "any person incarcerated or *detained in any facility* who is accused of, *convicted of,* sentenced for, or adjudicated delinquent for, *violations of criminal law* or the terms and conditions of parole, probation, pretrial release, or diversionary program" (emphasis added)).

Recognizing that prisoners may lack the ability to pay a court's filing fee all at once, the law provides for the gradual payment of the fee over time. *Id.* § 1915(b)(1)–(2). In accordance with that law, the court directed the following payment schedule in its Opinion and Order:

> [P]laintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full.

Op. & Order 6–7 (citations omitted). The court sympathizes with plaintiff's financial situation, but notes that the payment terms are favorable to him. Almost all of the monthly payments will be no more than twenty percent of the balance in his account and money will not be withdrawn if his account balance is ten dollars or less. Thus, the burden on plaintiff should be minimal.

Of course, even if the burden were not minimal, the court is constrained by 28 U.S.C. § 1915(b) to require that plaintiff pay the filing fee. Further, to the extent that plaintiff seeks reconsideration of the court's dismissal of his complaint for lack of jurisdiction, his request lacks merit. The court therefore **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**